IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

MISSISSIPPI INSURANCE DEPARTMENT,
by and through MICHAEL J. CHANEY, COMMISSIONER
OF INSURANCE FOR THE STATE OF MISSISSIPPI     PLAINTIFF

VS.     CASE NO. 1:13-cv-379-LG-JMR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; RAND BEERS,
in his official capacity as the Secretary of the
United States Department of Homeland Security;
UNITED STATES FEDERAL EMERGENCY
MANAGEMENT AGENCY; W. CRAIG FUGATE,
in his official capacity as the Administrator of the
United States Federal Emergency Management Agency     DEFENDANTS

## LOUISIANA DEPARTMENT OF INSURANCE'S MOTION FOR LEAVE TO FILE AS AMICUS CURIAE

Now into Court, through undersigned counsel, comes the Louisiana Department of Insurance, by and through James Donelon, Commissioner of Insurance for the State of Louisiana, and moves this Court for an order permitting it to appear in the matter as amicus curiae for the purpose of filing a brief in support of Plaintiff MISSISSIPPI INSURANCE DEPARTMENT, by and through Michael Chaney, Commissioner of Insurance for the State of Mississippi, in connection with Plaintiff's filing of the Motion to Stay or, in the Alternative, Preliminary Injunction filed on October 10, 2013. [Doc. No. 9-10]. The Louisiana Department of Insurance has an interest in the outcome of Plaintiff's Motion and respectfully requests this Court to allow it file on the issue of the necessity to obtain various studies pursuant to 112 PL 141.

## INTEREST OF AMICUS CURIAE

Amicus, the Louisiana Department of Insurance, regulates and issues licenses for insurance agents and agencies that sell flood insurance within Louisiana, including both policies procured through the National Flood Insurance Program, 42 U.S.C. § 4001, et seq., ("NFIP"), as well as excess

{GP025829.1}

or surplus flood insurance policies sold through private companies. The Louisiana Department of Insurance is an agency of the State of Louisiana created by the Louisiana Constitution.

NFIP was amended by the Biggert-Waters Flood Insurance Reform and Modernization Act of 2012, H.R. 4348 ("BW-12") (collectively the "Act"). BW-12 adopts significant changes intended to make the NFIP more financially stable, and to ensure that flood insurance rates more accurately reflect the full actuarial risk of flooding. However, the combined effects of several provisions of BW-12 have dramatically increased, and/or will dramatically increase, the flood insurance premium rates for NFIP policy holders, particularly those in flood prone areas such as southern Louisiana. These effects include:

First, BW-12 directs that Flood Insurance Rate Maps ("FIRMs") be updated in light of experience from hurricanes and storms such as Katrina and Rita. Base Flood Elevations ("BFEs") serve as the benchmarks for flood insurance rates; structures built below BFEs are subject to substantially higher flood insurance premiums than structures that are built at or above the BFE. As a result of the new FIRMS mandated by the BW-12, many formerly compliant properties are now below the new BFE and thus are subject to substantially higher flood insurance rates and have suffered, or will suffer, a dramatic decrease in its property value. Additionally, the new FIRMs have caused some properties to be in a flood zone that never were before and have required the owners to purchase flood insurance for the first time.

Second, BW-12 phases out NFIP premium subsidies for home owners, business owners, and others who have been shielded from higher premiums in the past. BW-12 obligates FEMA to begin the process of increasing insurance rates for hundreds of thousands of additional owners and small business owners who had been enjoying subsidized rates. About twenty percent of NFIP holders enjoyed subsidized rates, many of which are in Louisiana and Mississippi, particular on flood prone areas.

Third, BW-12 also increases rates through the establishment of a reserve fund which will be funded by an additional increase in premiums; all NFIP policy holders will be required to contribute to the reserve fund.

Fourth, 112 PL 141, § 100236 requires Defendants to undertake and provide Congress with a study to examine affordability issues related to the changes brought about by BW-12. Despite a deadline that has already passed, this study still has not been completed and may not be completed for several years. Deadlines for other studies mandated by BW-12 have also expired. Without the crucial information that would be supplied by these studies, the Defendants lack the necessary information to set new insurance premium rates in a manner that complies with the NFIP's mandate to make "flood insurance coverage available on reasonable terms and conditions." To set rates without this information and further guidance from Congress would be arbitrary and capricious. Furthermore, the implementation of new rates will, in many circumstances, result in taking of the property without justification in violation of the "takings clause" of the Fifth Amendment of the United States Constitution.

<u>REASON AN AMICUS FILING SHOULD BE GRANTED</u>

1. Under Louisiana law, the Commissioner of Insurance shall "represent the public interest in the administration of this Chapter and shall be responsible to the legislature and the public thereof." James Donelon is the duly elected Commissioner of Insurance for the State of Louisiana, and is the chief administrative officer of the Louisiana Department of Insurance.

2. The Louisiana Department of Insurance, through Commissioner Donelon, files this brief to protect the interests of the Louisiana NFIP policy holders and other citizens of Louisiana who are affected by the rate increases that Defendants intend to implement pursuant to BW-12. Many of the earliest, updated FIRMS that have resulted in changed BFEs relate to Louisiana. Furthermore, thousands of Louisiana policy holders who have previously paid subsidized rates will see these subsidies eliminated as a result of BW-12.

{GP025829.1}

## CONSULTATION WITH THE PARTIES

Prior to filing this motion, counsel for the Louisiana Department of Insurance contacted counsel for Plaintiff in this action. Plaintiff consented to the Louisiana Department of Insurance filing a brief regarding Plaintiff's Motion for Stay or, in the Alternative, Preliminary Injunction. [Doc. No. 9,10]. By this filing, the Louisiana Department of Insurance also seeks Defendants' consent in allowing it to proceed to file an amicus curiae brief.

The Louisiana Department of Insurance's participation will not hinder or delay these proceedings and will assist the Court in understanding the broad sweeping effects of the Biggert Waters Act, prior to appropriate and mandated studies being made. This information can assist the Court in crafting a remedy that not only assists Mississippi, but Louisiana policy holders as well.

WHEREFORE, the Louisiana Department of Insurance respectfully requests this Court to enter an order permitting it to appear in this matter as amicus curiae. A copy of the Louisiana Department of Insurance's proposed brief is attached hereto.

                Respectfully submitted,

                LOUISIANA INSURANCE DEPARTMENT,
                by and through JAMES DONELON,
                COMMISSIONER OF INSURANCE FOR THE
                STATE OF LOUISIANA

                BY:   /s/ S. Trent Favre
                          *One of Its Attorneys*

HOLMES S. ADAMS (MS Bar No. 1126)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Telephone: (601) 353-3234

EDWARD H. BERGIN (La. Bar. No. 02992)*
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8222

{GP025829.1}

S. TRENT FAVRE (Miss. Bar No. 99578)
Jones Walker LLP
Suite 1125
2510 14th St
Gulfport, MS 39501

MARK J. SPANSEL (La. Bar. No. 12314)*
JENNIFER E. BARRIERE (La. Bar. No. 34435)*
ADAMS AND REESE LLP
One Shell Square
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 585-0215

* Applications for admission pro hac pending.

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day electronically filed the above and foregoing pleading or other paper with the Clerk of Court using the ECF system which sent notification of such filing to the following:

All counsel of record registered with the ECF system.

I further certify that I have on this day caused to be hand delivered the above and foregoing pleading or other paper to the following:

> Gregory K. Davis or One of His Designated Assistants
> United States Attorney for the Southern District of Mississippi
> 1575 20th Avenue, 2nd Floor
> Gulfport, Mississippi 39501

I further certify that I have on this day caused to be mailed by United States certified mail the above and foregoing pleading or other paper to the following:

> Eric H. Holder, Jr.
> United States Attorney General
> United States Department of Justice
> Attn: Civil Process Clerk
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001
>
> The Honorable Rand Beers, Secretary
> United States Department of Homeland Security
> Washington, DC 20528

{GP025829.1}

W. Craig Fugate, Administrator
Federal Emergency Management Agency
United States Department of Homeland Security
500 C Street, SW
Washington, DC 20472

This the 15th day of November, 2013.

                                              s/ S. Trent Favre
                                              Of Counsel